UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTIFER KOWAL,

        Petitioner,                      Civil Action No. 12-cv-15561
                                                     HON. BERNARD A. FRIEDMAN

v.

MARY BERGHUIS,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

    This is a habeas case under 28 U.S.C. § 2254. Petitioner Krystifer J. Kowal is a state inmate at the West Shoreline Correctional Facility in Muskegon, Michigan. He challenges his convictions for involuntary manslaughter, operating a vehicle while intoxicated causing death, first-degree fleeing and eluding, and operating a vehicle with a suspended license. Now before the Court is petitioner's motion to stay proceedings. The Court will grant the motion.

**I.**

    Petitioner was convicted by a jury in Oakland County Circuit Court of the aforementioned charges. On June 9, 2010, he was sentenced to 75 months to 15 years for each of the convictions, all to be served concurrently. He filed a direct appeal with the Michigan Court of Appeals presenting the following claims: (i) the trial court erred in denying his motion to quash the second-degree murder conviction; (ii) the trial court erred in denying his motion for a directed verdict on the second-degree murder charge and convictions; and (iii) the prosecutor engaged in misconduct. The Michigan Court of Appeals affirmed petitioner's convictions. *People v. Kowal,* No. 306365

(Mich. Ct. App. May 24, 2012).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising all of the forgoing arguments. For the first time on appeal, petitioner asserted that his convictions violated the Double Jeopardy Clause. The Michigan Supreme Court ultimately denied the application. *People v. Kowal,* 493 Mich. 870 (2012).

Petitioner then filed the instant petition raising the following claims:

I. The lower court abused its discretion in denying petitioner's motion to quash his second-degree murder charge.

II. The lower court should have granted petitioner's motion for a directed verdict on the second-degree murder charge.

III. Petitioner was subjected to multiple prosecutions in violation of the Michigan State Constitution.

IV. A double jeopardy challenge presents a question of law that should have been followed in this case.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Respondent filed an answer arguing that petitioner's third and fourth claims have not been exhausted in state court. In response, petitioner filed a motion to stay proceedings so that he may return to state court to exhaust these claims.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if: (1) outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, (2) there is good cause for the petitioner's failure to exhaust those claims, (3) the unexhausted claims are not "plainly meritless"

and (4) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, outright dismissal of the petition, even without prejudice, may preclude future consideration of petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-721 (6th Cir. 2002).

Neither the Supreme Court nor the Sixth Circuit Court of Appeals has defined "good cause." *See Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011) *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Although an appellate attorney cannot be expected to raise his own ineffective assistance on appeal, petitioner implicitly alleges that he did not exhaust several of his claims because he received the ineffective assistance of appellate counsel. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds petitioner has satisfied the requirement of good cause.

The Court must also determine whether petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See e.g., Anthony v. Palmer*, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *see also Woodson v. Smith*, 2010 WL 3781579, *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). In *Bartelli v. Wynder*, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the district court held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.

Here, petitioner seeks to raise new claims regarding a claimed double jeopardy violation. These claims raise constitutional issues which may form the basis for habeas corpus relief. Petitioner's claims, if supported by sufficient evidence and precedent, are not plainly meritless. Finally, petitioner does not appear to be engaging in intentionally dilatory litigation tactics. As a result, the Court will stay further proceedings in this matter pending exhaustion of the additional claims.

Furthermore, when a district court determines that a stay is appropriate pending resolution

of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court will impose a time limit within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. He must also ask this Court to lift the stay within sixty days of the completion of state court review. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

Accordingly,

IT IS ORDERED that petitioner's motion to stay proceedings is granted and further proceedings in this matter are held in abeyance.

IT IS FURTHER ORDERED that in the event petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.

IT IS FURTHER ORDERED that petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that for the purpose of avoiding administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the

related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

          S/ Bernard A. Friedman
          BERNARD A. FRIEDMAN
          SENIOR UNITED STATES DISTRICT JUDGE

Dated: _July 22, 2013_
      Detroit, Michigan